By the Court.
The defendant, Crumbaker, sold a lot of land to one Robinson for $800, upon an agreement that he would convey to Robinson when $500 was paid, and take a second mortgage for the remaining $300. Robinson at the time he purchased paid $200, and afterwards when pressed for further payment, told Crumbaker he could not pay any more unless he could raise it on a mortgage of the land.
Crumbaker to enable Robinson to borrow money on a mortgage of the land, made and delivered a deed to Robinson, upon the agreement by Robinson to return the deed to *86 Crumbaker within a given time, if he failed to get the money.
Robinson failing to get the money within the time, returned the deed, and afterwards gave a mortgage on the land to Neff to secure $300 borrowed of her. This $300 was paid to Crumbaker, making up the $500, on the payment of which, Crumbaker had agreed to convey the land to Robinson.
Seld: That as between the lien of Crumbaker for the balance of the purchase money and the mortgage of Neff, the mortgage is the prior lien.
Judgment of district court reversed and judgment of common pleas affirmed.